UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS D. DAVENPORT, JR., ET AL | CIVIL ACTION NO. 07-0691 |
| versus | JUDGE DRELL |
| BELLSOUTH CORP., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Thomas D. Davenport, Jr., on behalf of himself and Thomas D. Davenport, Jr., APLC, ("Plaintiffs") filed suit against two BellSouth entities ("Defendants" or "BellSouth") in Alexandria City Court seeking damages allegedly caused by BellSouth's failure to list the Davenport firm in the yellow or white pages of the BellSouth telephone directory. BellSouth removed the case based on an assertion of diversity jurisdiction. Plaintiffs have filed a Motion to Remand (Doc. 12) on the grounds that the amount in controversy does not exceed $75,000. It is recommended, for the reasons that follow, that the motion be denied.

**Procedural History**

Plaintiffs' petition filed in the city court alleges that Mr. Davenport agreed to pay BellSouth for business and telephone service. In exchange, BellSouth agreed to place the names of Davenport and his firm in the yellow and white pages of the BellSouth Telephone Directory. The September 1, 2006 issue of the directory was issued, but it did not include a listing for Mr. Davenport or his firm. Petition, ¶¶ 2-7. Plaintiffs, in accordance with Louisiana procedural law, did not include in their petition a prayer for a particular amount

of damages. They asked only that BellSouth be held liable for "an amount to be determined" by the court to compensate Plaintiffs for their alleged damages that include mental anguish, lost wages, loss of business opportunity, loss of potential business, and several other categories of damages. ¶ 8.

Plaintiffs filed the original petition in the city court on September 1, 2006. The maximum civil jurisdiction of the city court at that time was $50,000. La. Code Civ. Proc. arts. 4843(H) and 1732(1). More than six months later, on approximately April 3, 2007, Plaintiffs sent BellSouth a report prepared for Plaintiffs by David Crary, whom Plaintiffs had hired as an expert witness to calculate their damages. Mr. Crary opined that the total loss to Plaintiffs is $452,027 with $339,020 suffered by Mr. Davenport and $113,007 suffered by the professional law corporation. Soon afterward, on April 13, 2007, Plaintiffs filed an amended petition in the city court that added a claim under the Louisiana Unfair Trade Practices Act. Plaintiffs alleged that BellSouth is liable under the Act for "actual damages plus reasonable attorney fees and all costs." Amended Petition, ¶ 13.

Within 30 days of receipt of the expert report and the amended petition, BellSouth filed its Notice of Removal. BellSouth stated that it had not removed the original petition because the pleading did not specify a quantum of damages and the city court has a jurisdictional limit of $50,000. BellSouth stated that when it received the expert report and the amended pleading that sought attorney fees, it saw that Plaintiffs were nonetheless

asserting entitlement to damages and attorney fees in excess of $75,000, so BellSouth promptly removed the case.

**The Motion to Remand**

Plaintiffs responded to the removal by filing a motion to remand. They argue that (1) a potential statutory attorney fee award is not included in calculating the amount in controversy, (2) {apparently an alternative argument} it is not reasonable to expect a fee award in excess of $25,000 that, when added to the "maximum" base award of $50,000 in the city court, would exceed $75,000, and (3) the expert report does not control the amount Plaintiffs seek in damages because it cannot alter the $50,000 jurisdictional limit of the city court.

Plaintiffs attach to their motion affidavits from Mr. Davenport and Plaintiffs' attorney, William Ford. Each man testifies that he believes an attorney fee award "exceeding $25,000 in each of the Plaintiffs' cases would not be reasonable under the facts of this case." As such, each man testifies that he would not collect such an award. The affiants add that they "agree and stipulate" that they will not "ask for, attempt to collect and/or accept more than $50,000 in general damages or more than $25,000 in attorney's fees."

**Analysis**

### A. Attorney Fees and Amount in Controversy

Attorney fees are not included in determining the amount in dispute for purposes of city court jurisdiction. La. Code Civ. Proc. Art. 4841(B). The rule is different when assessing

the amount in controversy for purposes of determining a federal court's diversity jurisdiction. When a contract or statute at issue in a case contains a provision for the potential award of fees, such fees may be included in the amount in controversy. Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 874 (5th Cir. 2002).

The Louisiana Unfair Trade Practices Act invoked by Plaintiffs in their amended petition provides: "In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs." La.R.S. 51:1409(A). There is no precise formula for calculating the amount that should be attributed to the fees for amount in controversy purposes, but the undersigned has followed the rule that the court estimate a "reasonable fee" under the circumstances for amount in controversy purposes. See House v. AGCO Corporation, 2005 WL 3440834, *1 (W.D. La. 2005).

Plaintiffs argue that a reasonable fee could not exceed 50% of the $50,000 maximum jurisdiction of the Alexandria City Court, thus precluding an amount in controversy in excess of $75,000. This argument assumes that the jurisdictional limit of the city court is an ironclad prevention of removal despite pleadings and evidence that point to a much greater amount in controversy. The jurisprudence suggests that Plaintiffs' assumption is not correct.

**B. Effect of City Court's Limited Jurisdiction**

In Lee v. Advanced Fresh Concepts Corp., 76 Fed. Appx. 523 (5th Cir. 2003), the plaintiff filed a breach of contract suit in a Louisiana city court that had a maximum jurisdiction of $20,000. After conducting discovery, the plaintiff sent a demand letter in

September 2002 offering to settle for $100,000. In October 2002, the plaintiff sent a draft of a motion to transfer the case to the state district court. See La.C.C.P. art. 4841(C) (permitting the city court to transfer the action to the district court if the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the city court). The defendant did not respond to the demand, and plaintiff eventually filed the motion to transfer in early December 2002. Three weeks later, which was three months after receipt of the $100,000 demand letter and two months after receipt of the draft of the motion to transfer, the defendant removed the case based on diversity jurisdiction. The federal district court granted the plaintiff's motion to remand the case on the grounds that removal was untimely. The court determined that the 30-day removal clock began to tick more than 30 days before the notice of removal was filed. The defendant argues that it could not have know the amount in controversy exceeded $75,000 because the case was filed in a city court with a $20,000 jurisdictional limit. Judge Feldman summarily concluded that the argument was "without merit" in light of the plaintiff's settlement demand and notice of intent to transfer the case. Lee v. Advanced Fresh Concepts Corp., 02 CV 3830 (E.D. La. 2/7/03) (unpublished; available on PACER).

      Judge Feldman granted the plaintiff the requested remand but denied a request that the defendant be ordered to pay attorney fees. The plaintiff appealed the fee denial to the Fifth Circuit. The merits of the remand were not directly at issue, but they were discussed because the reasonableness of the removing defendant's position was a factor in determining whether the defendant should have to pay fees. The plaintiff cited cases in which settlement

demands of more than $75,000 have been held to trigger the removal period. The defendant tried to distinguish those cases on the grounds that those cases were not removed from a state or city court of limited jurisdiction. The Fifth Circuit responded that "we cannot see what difference it makes." The defendant complained that it was being put between the rock of a premature removal and the hard place of an untimely removal. The Fifth Circuit responded: "We do not sympathize." The Court repeated that the defendant should have heard the 30-day clock ticking when it received the $100,000 demand letter (even though the case was pending in a city court with a $20,000 jurisdictional limit).

The trigger of the 30-day removal is not at issue in this case. Plaintiffs waived that potential procedural deficiency when they did not file a motion to remand on that ground within 30 days of removal. Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998). The Lee case is nonetheless instructive because it made clear that the Fifth Circuit believed that the origination of the suit in a city court of limited jurisdiction made no difference to the amount in controversy eclipsing $75,000 and triggering the removal period. One might argue, as Plaintiffs have in this case, that removal would not be proper until the city court actually ordered that the case be transferred to the district court, but Lee shows that the Fifth Circuit believes the right to remove (and the concomitant requisite amount in controversy) can arise long before the transfer of the case from city court.

Some district court decisions also support the view that the jurisdictional cap of a city court does not preclude removal. The plaintiff in Marcho v. Auto Club Family Insurance

Co., 2007 WL 101198 (E. D. La. 2007) filed suit in Slidell City Court for insurance proceeds related to damage to his home, plus statutory penalties and attorney fees. Judge Africk denied a motion to remand, stating: "Considering these claims, and *notwithstanding any jurisdictional cap limiting awards in Slidell City Court*, the Court finds it is facially apparent that plaintiff's claims likely will exceed $75,000." (emphasis added). The court did not cite any authority for ignoring the jurisdictional limit of the city court, but the issue gave the court no pause.

The plaintiff in Barker v. John Deere Insurance Company, 932 F. Supp. 785 (S.D. Miss. 1996) filed suit in a county court with a $50,000 jurisdictional limit. At the time, a case could be filed in or removed to federal court based on diversity if the amount in controversy exceeded $50,000. The defendant removed based on diversity jurisdiction. Plaintiff filed a motion to remand. Among his arguments was that the complaint filed in the county court automatically limited his relief to $50,000, so the amount in controversy could not possibly exceed that amount, as was required for diversity jurisdiction. Judge Wingate noted the "attractive face value" of the plaintiff's argument but found it to be flawed. He reasoned: "The focus of removal relative to the jurisdictional amount is not the maximum relief a state court could provide; rather, the focus is whether the plaintiff's complaint pleads a matter in controversy in excess of $50,000." 932 F. Supp. at 788.

Plaintiffs cite Sheppard v. Exxon Company, U.S.A., 760 F. Supp. 92 (M.D. La. 1990), and it does support Plaintiffs' argument. The case began in Baton Rouge City Court, which

had a jurisdictional limit of $10,000.  The plaintiff sought compensatory and punitive damages arising from an explosion at a refinery.  Exxon removed the case based on an assertion that the parties were diverse and that the amount in controversy exceeded the (then) $50,000 amount in controversy threshold.  The plaintiff filed a motion to remand on the grounds that his recovery in city court was limited to $10,000.  Exxon replied that the state law limitation on the jurisdiction of the city court provided that the $10,000 limit did not include "penalties" provided by law.  Exxon argued that the punitive damages sought by the plaintiff were penalties, which would allow the city court to award $10,000 in compensatory damages plus punitive damages, which could cause the amount in controversy to exceed $50,000. Judge Polozola disagreed with Exxon's interpretation of the state law and held that damages in city court, whether compensatory or punitive, were limited by the $10,000 jurisdictional limitation set forth in state law.  Based on that determination, Judge Polozola concluded that Exxon could not satisfy the $50,000 amount in controversy requirement for diversity jurisdiction.

The <u>Sheppard</u> decision does not cite any authority that has recognized that the jurisdictional limit of a city court effectively precludes removal no matter that the pleadings and other evidence suggest that the damages sought are actually greater.  Legal authority is also not cited in the contrary decisions issued by Judges Africk and Wingate.  None of those district court decisions is binding on this court; they carry only the weight of the persuasiveness of their logic. <u>United States v. Articles of Drug Consisting of 203 Paper Bags</u>,

818 F.2d 569, 571 (7th Cir.1987); Blue v. Apfel, 2001 WL 1112669, n. 2 (S.D. Ind. 2001). The Fifth Circuit's unpublished Lee decision is also not precedent. See Fifth Circuit Local Rule 47.5.

The undersigned is of the opinion that Lee, Marcho and Barker reached the better conclusion when they determined that the jurisdictional limitation imposed on a local court does not prevent a diversity removal that depends on an amount in controversy greater than the limit of the local court's jurisdiction. To side with Plaintiffs and go the other direction would create a potential for plaintiffs to manipulate procedural events and wrongfully preclude removal. In this case, for example, if the court were to remand the case, Plaintiffs could wait out the one-year limitation on removal of diversity cases provided in 28 U.S.C. § 1446(b) and then amend their complaint to seek in excess of $75,000. BellSouth would be barred from removing the case even though it knew all along that Plaintiffs would seek far more than $75,000. Following the logic of Lee and the other cited decisions would avoid that potential in this and the many other cases that originate in the city courts. It is also consistent with the Fifth Circuit's policy to "remain[] vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998).

### C. The Affidavits

The undersigned has determined that the jurisdictional limit of the city court should not preclude BellSouth from establishing that more than $75,000 is in controversy. BellSouth has pointed to the expert report regarding damages and the demand for attorney fees that easily satisfy BellSouth's burden of showing that it is more likely than not that the amount in controversy exceeds $75,000. There remains to be determined the effect, if any, of the affidavit testimony from Mr. Davenport and his counsel that they would not accept more than $50,000 in general damages and $25,000 in attorney fees.

The Fifth Circuit has indicated that, at least in Texas, a stipulation of this sort filed with the *state court petition* may be sufficient to prevent removal. D'Aguilar v. Boeing Company, 47 F.3d 1404, 1412 (5th Cir.1995). Such a unilateral stipulation may or may not be sufficient in Louisiana; a compromise agreed to by both parties might be required to make the statement irrevocable. See Price v. Smart Professional Photo Copy Corp., 2003 WL 203083 (E.D. La. 2003) (suggesting that a stipulation "between the parties" is required.) In any event, Plaintiffs did not file their affidavits or other stipulation in the city court. Plaintiffs were also permitted by Louisiana law to plead in their petition that the amount of their damages were less than the federal jurisdictional amount. La. C.C.P. art. 893(A)(1). Plaintiffs did not make such an assertion in their city court pleadings.

A post-removal affidavit may be employed to clarify the jurisdictional facts that existed as of the time of removal if the jurisdictional amount is ambiguous on the face of the

petition.  St. Paul Reinsurance,, 134 F.3d at 1254, n. 18. The affidavits submitted by Plaintiffs do not provide any specific facts or otherwise attempt to clarify any ambiguities in the petition about the damages at stake. Rather, the affidavits merely make a conclusory, post-removal assertion that each plaintiff wants no more than $75,000 total in damages and fees. Such generic assertions are essentially meaningless; post-removal stipulations or amendments that reduce the amount claimed are insufficient to strip federal jurisdiction that otherwise exists. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

**Conclusion**

BellSouth has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000.  Plaintiffs have pointed to the jurisdictional limitation on the city court from which the case was removed, and they have offered conclusory affidavits that they would refuse an award for an amount that would exceed the jurisdictional amount of the federal court.  For the reasons explained above, Plaintiffs' arguments do not defeat the removal effected by BellSouth.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Remand (Doc. 12)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE