UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

THOMAS D. DAVENPORT, JR., ET AL          CIVIL ACTION NO. 07-0691

versus                                   JUDGE DRELL

BELLSOUTH CORP., ET AL                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Thomas D. Davenport, Jr., on behalf of himself and Thomas D. Davenport, Jr., APLC, filed suit against BellSouth Telecommunications, Inc. ("BellSouth") and BellSouth Advertising and Publishing Corporation ("BAPCO"). Both Mr. Davenport, individually, and the professional law corporation ("PLC") seek damages allegedly caused by a failure to properly list the PLC in the BellSouth telephone directory.

Before the court is a Motion for Partial Summary Judgment (Doc. 24). BellSouth and BAPCO urge that Mr. Davenport, individually, is not entitled to any relief because any cause of action related to the directory listing lies only in favor of the PLC. It is recommended, for the reasons that follow, that the motion be granted and that all claims by Mr. Davenport be dismissed.

**Summary Judgment Standard**

Under Fed.R.Civ.P. 56(c), a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; B & A Pipeline Co. v. Dorney, 904 F.2d 996, 1002 (5th Cir. 1990).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

The parties quibble over the definitions of words like advertisement, listing and free. Perhaps those disputes are genuine, but they do not regard facts that are material to deciding the motion for partial summary judgment. The material facts, with any disputes resolved in favor of Mr. Davenport, are set forth below.

Mr. Davenport is a lawyer who, in June of 2006, decided to leave his job working with another attorney. He organized, by filing the appropriate papers with the Secretary of State, a corporation known as Thomas D. Davenport, Jr. (A Professional Law Corporation) or Thomas D. Davenport, Jr., APLC. Mr. Davenport testified at his deposition that he formed

the corporation in 2005 as he began to consider acquiring his own office. He explained: "I knew if I entered into any kind of leases or agreements, I wanted it to be in a corporate name and, of course, I had to have a corporation prior to that, so thus I created my own APLC." He added that it was his intention to practice law in the name of the corporation rather than his individual name. Doc. 24, Exhibit C, pp. 28-29.

Mr. Davenport testified that he began negotiations with BellSouth for phone service at his new law office. The only written document to issue from the negotiations is the BellSouth Complete Choice for Business Term Plan Subscriber Agreement that is attached to the motion as Exhibit A. That agreement does not discuss what information about the subscriber will appear in the telephone directory, but it does provide some terms regarding the telephone service. The signature section of the agreement calls for the "Full Legal Business Name" of the subscriber. Typed on the form is the name "Davenport; Thomas D. Jr. APLC." Mr. Davenport signed the document on behalf of the corporation, identifying himself as "owner."

Mr. Davenport testified that most of his understanding about how he would be listed in the directory came from telephone conversations with BellSouth representatives. He testified, "I wanted to make sure that I had a listing in the yellow pages and in the white pages at no additional cost." He added that, "I was told you'd get - - along with the price you pay, you'd get just a single line, nothing fancy, with a single line and your phone number in both sections, white and yellow." Doc. 24, Exhibit C, pp. 50-53.

When the directory was published, the law office was not listed in the white pages. The law office was also not listed in the ordinary section of the yellow pages for attorneys. The yellow pages did include a listing in the specialized section for "Attorneys - Personal Injury" that read as follows:

> Davenport, Thomas D. Jr. Aplc
> 1630 Metro Dr Alexandria -------------- 445-9696

The address included in that listing is incorrect. The actual address for the law office is 1628 Metro Drive.

**Analysis**

### A. Introduction

The complaint, as amended, sets forth three theories: (1) breach of contract; (2) tort; and (3) violation of the Louisiana Unfair Trade Practices Act. Defendants' motion squarely attacked Mr. Davenport's ability to pursue a claim under any of those theories.

Mr. Davenport filed a response. The five-page memorandum contains two pages of discussion of Louisiana and Federal law regarding summary judgment procedure, and a large portion of the third page is dedicated to a discussion of how a Louisiana court should assess an exception of no right of action. The remaining two and one-half pages cite no law other than a single reference to La. R.S. 12:801, *et seq.*, which are the statutes governing professional law corporations.

**B. Breach of Contract**

Mr. Davenport attempts to pursue a breach of contract claim based on his assertion that he "personally" contacted BellSouth representatives to request telephone services for his law office. He urges that because he is the sole shareholder and corporate officer in the PLC, and the only qualified person authorized to practice law on behalf of the corporation, he should be able to pursue a claim based on his "personal" request for a business directory listing for Thomas D. Davenport, Jr., APLC. He makes an implied assertion that the corporation should be ignored because, "Frankly, the only function of the professional law corporation is that of possible taxation benefits, and it does not limit the liability of the lawyer to his client."  Opposition, p.5.

Professional law corporations are subject to all of the general provisions of the Louisiana Business Corporation Law except when those general provisions are inconsistent with the specific provisions found in La. R.S. 12:801, *et. seq.* Those specific provisions regard the fact that a PLC is also governed by the laws related to the practice of law and is subject to the discipline of the Supreme Court.  La. R.S. 12:802 and 815. Like shareholders in an ordinary corporation, a shareholder in a PLC "shall not be personally liable for any debt or liability of the corporation." La. R.S. 12:807(B). But, by specific provision, that rule does not affect claims against the attorney-shareholder for fraud, negligent or wrongful act, or breach of professional duty. La. R.S. 12:807(C).

A lawyer may own all of the stock in the PLC, but the PLC is still a legal entity separate and distinct from the individual who owns its shares. P. Charles Callahan, APLC v. Scottsdale Ins. Co., 903 So.2d 1251, 1257-58 (La. App. 3rd Cir. 2005). A right of action possessed by the PLC "lies solely with the corporation, even though only one person owns the stock." Id.

Mr. Davenport testified that he formed the corporation to pursue his practice of law. He also testified that he sought a telephone listing on behalf of that corporation. The one erroneous listing that did appear in the yellow pages was for the PLC. Those facts are not genuinely disputed, so any breach of contract claim lies solely in favor of the PLC. There is no evidence that Mr. Davenport, individually, had any contract with either defendant. Mr. Davenport may have "personally" called BellSouth to negotiate a telephone service for the law office, but every corporation acts through human representatives, and such actions do not create rights that are personally enforceable by both the agents and the corporation.

**C. Tort**

Mr. Davenport appears to urge entitlement to pursue an individual tort claim in the portion of his memorandum in which he asserts that both he and the PLC suffered damages. He states that this is "clear" from his expert report, in which an accountant testifies that it is his opinion that the losses to Mr. Davenport and the PLC can be separate. That may be the accountant's opinion, but it is not equal to law that would permit a corporate officer or shareholder to separately pursue a tort claim based on a breach of contract to the corporation.

Third parties, whether employees or persons who do business with a corporation, often suffer economic harm when a corporation is damaged by a breach of contract or a tort, but Louisiana law ordinarily does not afford the third party a tort claim against the person who harmed the corporation. See, e.g., PPG Industries, Inc. v. Bean Dredging Co., 447 So.2d 1058 (La. 1984). Accordingly, if Defendants breached a contractual duty to the PLC, that would not provide Mr. Davenport with a cause of action in tort. Mr. Davenport has not cited authority or articulated a persuasive legal argument that would permit him to pursue an indirect claim in the circumstances of this case.

### D. Unfair Trade Practices Act

Mr. Davenport offers no argument with respect to the claim presented in the amended complaint that invoked the Louisiana Unfair Trade Practices Act. The Fifth Circuit limits a right of action under the Act to direct consumers or business competitors. Dubos de Acero Mexico SA v. American International Inv. Corp., Inc., 292 F.3d 471, 480 (5th Cir. 2002); Higbee Co. v. Greater Lakeside Corp., 2007 WL 19690, *3 (E.D. La. 2007). Defendants have directly challenged Mr. Davenport's ability to establish that he fits either category, and he has not responded with evidence that would create a genuine issue of material fact in that regard.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Partial Summary Judgment (Doc. 24) be granted and that all claims by Thomas D. Davenport, Jr. be dismissed.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of September, 2007.

                                        MARK L. HORNSBY
                                UNITED STATES MAGISTRATE JUDGE